IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BETHLENE HODGES,<br><br>    Plaintiff,<br><br>v.<br><br>CORAL BY THE SEA HOTEL CORP.;<br>UNIVERSAL INSURANCE COMPANY;<br>JOHN DOE; RICHARD ROE; JANE DOE;<br>INSURERS X, Y and Z,<br><br>    Defendants. | CIVIL NO.  20-1115<br><br><br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Bethlene Hodges ("Ms. Hodges"), through the undersigned attorneys, and respectfully alleges, states, and prays, as follows:

### I. **PARTIES**

1. Plaintiff Ms. Hodges is an individual of legal age, with residence and domicile at 4731 Forrest Oak Lane, Lake Park, Georgia 31636.

2. Defendant Coral By The Sea Hotel Corp. is a corporation organized under the laws of Puerto Rico, with the capacity to sue and be sued.

3. Defendant Universal Insurance Company is an insurer organized pursuant to the laws of Puerto Rico, which at all material times alleged herein was the liability insurer of defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and/or Jane Doe.

4. Defendants John Doe, Richard Roe and Jane Doe are individuals or entities residing in Puerto Rico or a State other than the State of Georgia, who owned, managed, controlled and/or maintained the Coral By The Sea Hotel and/or who otherwise may be liable to Ms. Hodges.

5. Defendants Insurers X, Y and Z are insurers organized pursuant to the laws of Puerto Rico or a State other than the State of Georgia, who at all material times alleged herein were the liability insurers of defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to *28 U.S.C. § 1332*, as there is complete diversity of citizenship between the parties and the amount of damages exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

7. Venue is appropriate in this Court pursuant to *28 U.S.C. § 1391*, as this action is brought in the judicial district in which the accident alleged herein occurred.

## III. FACTS

8. On March 5, 2019, while on vacation in Puerto Rico, Ms. Hodges was involved in a serious slip-and-fall accident on the premises of the Coral By The Sea Hotel at 2 Calle Rosa, in Carolina, Puerto Rico

9. After leaving her hotel room at the Coral By The Sea Hotel and while descending a flight of wet and slippery stairs, Ms. Hodges lost her footing and slipped and fell down the last few steps, tumbled down the stairs and out the exit door, resulting in physical injuries to her right arm and back.

10. The wet and slippery condition of the staircase was extremely dangerous and hidden to unsuspecting guests, such as Ms. Hodges.

11. The wet and slippery condition of the staircase was known or should have been known by defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe to be dangerous and hazardous to its guests.

12. Defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe placed no warnings or signs to warn their guests of this hidden danger and trap.

13. As a result of her fall, Ms. Hodges sustained multiple injuries to her right arm and her back, resulting in the following injuries and treatment:

   a. Immediately after her accident, Ms. Hodges was taken to the emergency room at El Presby Ashford Presbyterian Community Hospital, where she reported severe left ankle pain, back pain and cervical pain, and was examined by Dr. Lope Gomez, who ordered x-rays of Ms. Hodges' left ankle and placed her in an ankle splint.

b. On March 11, 2019, Ms. Hodges presented to Valdosta Orthopedic Associates for further evaluation and treatment of her injuries, where she reported left foot pain and right shoulder pain and was examined by Dr. Michael Clark, who ordered new x-rays of her left foot which were taken inside the facility and revealed no fractures or abnormalities.

c. Dr. Clark advised Ms. Hodges that she was experiencing symptoms of an ankle and mid-foot sprain, which required the placement of a walking boot with instructions to only remove it while sleeping and while bathing, as well as instructions to remove the boot to ice her foot for 20 minutes each day and to keep her left leg elevated as much as possible to help with reducing the swelling and instructions to follow-up in 2 weeks.

d. On March 20, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates for her follow-up appointment with Dr. Clark and she continued with reports of right shoulder pain, left ankle pain and cervical pain, as well as new complaints of persisting headaches; and Dr. Clark explained to Ms. Hodges that she re-injured her right shoulder (for which she recently had undergone rotator cuff surgery) during her slip and fall accident.

e. Dr. Clark instructed Ms. Hodges to continue with physical therapy, to work on her exercises daily and to remain in the walking boot for 2 additional weeks.  Ms. Hodges was also prescribed Tizanidine and Medrol Dose Pak and was instructed to return for follow-up in 2 weeks.

f. On April 10, 2019, Ms. Hodges returned for her follow-up appointment with Dr. Clark, with complaints of left foot/ankle pain, headaches and worsened shoulder pain since her previous visit.  Dr. Clark advised Ms. Hodges to begin weaning herself out of the walking boot and he also ordered MRIs of her left ankle and cervical spine.

g. On April 18, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates to undergo a MRI of her cervical spine and the results showed:

> (i) C3-C4: <u>Broad-based posterior disc protrusion</u> which creates moderate spinal canal narrowing and moderate bilateral foraminal narrowing; and

    (ii)  C5-C6: <u>Left paracentral/lateral disc protrusion</u> which creates mild to moderate left paracentral spinal canal narrowing and moderate to severe left-sided lateral foraminal narrowing with mass effect on the exiting left-sided nerve root.

 h. On April 26, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates to undergo a MRI of her left ankle and the results revealed a possible strain or tearing of the subtalar ligaments within the sinus tarsi.

 i. On May 07, 2019, Ms. Hodges returned for her follow-up appointment with Dr. Clark, seeking the results of her MRIs because her left foot remained swollen and she also continued to experience cervical pain and discomfort. Dr. Clark advised Ms. Hodges to continue her physical therapy and instructed her to follow-up as needed.

 j. On May 31, 2019, Ms. Hodges underwent further evaluation and treatment for her injuries at Mink Chiropractic Center, where she was examined by Dr. Brandon Beard. Ms. Hodges stated that she had been experiencing pain in her lumbar spine and her bilateral sacroiliac joints, rating her pain as an 8/10 and stating that her pains were constant in frequency.

 k. Dr. Beard advised Ms. Hodges that she would benefit from physical therapy sessions twice weekly, with modalities which included trigger point therapy, drop tables and manual techniques.

 l. On August 20, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates for a follow-up appointment with Dr. John Gee and she reported muscle aches, muscle weakness, joint pain, and neck pain. Dr. Gee referred Ms. Hodges to Dr. Ibrahim Oyowe for cervical injections to treat her symptoms and instructed Ms. Hodges to follow-up as needed.

 m. On August 26, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates to undergo epidural steroid injections to her cervical spine and Dr. Ibrahim Oyowe performed the procedure, administering the injection at her C7-T1 level and explaining to Ms. Hodges that if she received little to no benefit from the injection, that she may require decompressive spine surgery. Dr. Oyowe provided her with information about the procedure and instructed her to return for follow-up in 2 to 4 weeks.

n. On September 17, 2019, Ms. Hodges returned to Dr. Oyowe's office to undergo a nerve conduction study and an EMG test. The nerve conduction study was within normal limits; however, the EMG test revealed an abnormal study and showed <u>electrodiagnostic evidence for a right C7 and C8 radiculitis</u>.

o. Ms. Hodges continued to treat at Mink Chiropractic and on October 01, 2019, when she returned for therapy with Dr. Beard and reported ongoing moderate pain in her lumbar spine, thoracic spine and sacroiliac joint, rating her pain as a 6/10 and stating that her pains were consistent and persistent in frequency. After her physical therapy session, Ms. Hodges was scheduled for therapy once a week.

p. On October 16, 2019, Ms. Hodges returned to Valdosta Orthopedic Associates to undergo an interlaminar epidural steroid injection at C7-T1, which was administered by Dr. Oyowe, who positioned Ms. Hodges in the prone position and prepped her skin in the usual sterile fashion. Dr. Oyowe began the C7-T1 interlaminar epidural steroid injection by anaesthetizing Ms. Hodges' skin and soft tissues with 2 mL of 1% lidocaine through a 25 gauge 1.5 inch needle; and with fluoroscopic guidance, Dr. Oyowe administered 2 mL of Isovue-M 300 contrast dye using a sterile 18 gauge 3.5 inch Touhy needle. Dr. Oyowe then injected 1 mL of saline mixed with 1.5 mL of dexamethasone solution. After the procedure, Ms. Hodges' vitals were reported stable and she was released in stable condition with oral and written discharge and follow-up instructions.

q. On October 31, 2019, Ms. Hodges returned for her post injection follow-up with Dr. Oyowe, when she reported 50% improvement with her neck pain after the injection but continued to experience pain in her right shoulder.

r. Dr. Oyowe performed a second injection during her visit that day, prepped the point of maximum tenderness with Betadine and Alcohol, and then administered an injection consisting of 1 cc of Depo-Medrol and 4 cc of Lidocaine into Ms. Hodges' right trapezius. There were no complications at the time of the injection and Ms. Hodges tolerated the procedure well. Spine surgery was discussed as a surgical treatment option if the injections were to fail. Ms. Hodges agreed to this plan and of care and agreed to follow-up as needed.

14. As a result of the injuries sustained in this accident, Ms. Hodges has incurred in medical expenses totaling $20,694.06, as follows:

| | | |
|---|---|---|
| a. | El Presby Community Hospital | $ 200.00 |
| b. | Pediatrix Medical Group of PR | $ 152.00 |
| c. | Ashford Medical Center of Radiology | $ 7.96 |
| d. | Valdosta Orthopedic Associates | $ 8,508.00 |
| e. | VOA Surgery Center | $ 5,400.00 |
| f. | Rehab One - Wellness Clinic | $ 4,710.32 |
| g. | Prescriptions | $ 33.44 |
| h. | Mink Chiropractic Center | $ 1,626.00 |
| i. | Chancy Drugs Valosta | $ 56.34 |

15. As a result of the injuries sustained in this accident, Ms. Hodges will undoubtedly experience recurrent exacerbations of her condition, which will require future doctor visits, medications, therapy and surgery estimated, resulting in additional economic damages for medical care estimated at a sum in excess of $10,000.00.

16. As a result of the injuries sustained in this accident, Ms. Hodges has experienced non-economic losses consisting of pain, suffering, mental anguish and the loss of ability to enjoy life.

17. As a direct result of the injuries sustained in this accident, Ms. Hodges has been informed by her medical services providers that she may suffer permanent physical impairment.

18. The staircase where Ms. Hodges suffered the fall described herein was and is under the exclusive control and/or jurisdiction of the defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe, who had the custody, control and duty to maintain it in a reasonably safe and secure condition for guests such as her.

19. At all material times alleged herein, the defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe had the duty to maintain the area where the Ms. Hodges suffered her fall in a reasonably safe and secure condition to avoid the happening of an accident of this nature.

20. The defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe incurred in fault and/or negligence in creating and/or allowing the existence of the wet and slippery foreseeable dangerous condition of the staircase and by failing to warn Ms. Hodges of its dangerous condition; and, therefore, the defendants are liable for all of the injuries and damages suffered by Ms. Hodges.

21. The defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe incurred in fault and/or negligence in that they breached their duty to maintain the staircase in a reasonably safe and secure condition; and, therefore, the defendants are liable for the damages suffered by Ms. Hodges.

22. The defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe incurred in fault and/or negligence in failing to correct the dangerous condition that caused the accident suffered by Ms. Hodges even though they knew or should have known of its existence and had prior knowledge of similar accidents.

23. At the time of the aforementioned accident, the defendants Universal Insurance Company and the Insurers X, Y and Z were the general liability insurers of the defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe, which makes them jointly and severally liable for the damages suffered by Ms. Hodges.

24. The fault and/or negligence of the defendants Coral By The Sea Hotel Corp., John Doe, Richard Roe and Jane Doe was the sole and exclusive proximate and adequate cause of the accident mentioned herein and the resulting damages suffered by Ms. Hodges.

## IV. FIRST CAUSE OF ACTION

25. Ms. Hodges repeats and realleges the allegations contained in paragraphs one (1) to twenty four (24) of this complaint, as if fully set forth herein.

26. As a result of the accident alleged herein, the defendants are jointly and severally liable for the severe and painful physical damages and the emotional damages suffered by Ms. Hodges, which are reasonably estimated at a sum in excess of five hundred thousand dollars ($500,000.00).

## V. SECOND CAUSE OF ACTION

27. Ms. Hodges repeats and realleges the allegations contained in paragraphs one (1) to twenty six (26) of this complaint, as if fully set forth herein.

28. As a result of the accident and physical injuries alleged herein, Ms. Hodges has incurred and will continue to incur in medical and other expenses reasonably estimated to exceed the sum of fifty thousand dollars ($50,000.00), for which the defendants are jointly and severally liable.

## VI. THIRD CAUSE OF ACTION

29. Ms. Hodges repeats and realleges the allegations contained in paragraphs one (1) to twenty eight (28) of this complaint, as if fully set forth herein.

30. Pursuant to Article 20.010 of the Insurance Code of Puerto Rico, *26 L.P.R.A. § 2001*, the defendants Universal Insurance Company and the Insurers X, Y and Z are jointly and severally liable for the losses and damages suffered by Ms. Hodges.

## VII. OBSTINACY

31. Pursuant to Rule 44.1(d) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, *32 L.P.R.A. Ap. V, R. 44*, a party adjudged obstinate in the conduct of litigation must pay the prevailing party its reasonable attorney's fees and interest from the date of the filing of the complaint.

32. The defendants have been obstinate and, upon defending against this lawsuit, will continue to incur in obstinacy.

33. The plaintiff is entitled to reasonable attorney's fees and interest from the date of the filing of the complaint.

34. Trial by jury is demanded by the plaintiff.

WHEREFORE, it is respectfully requested that judgment be entered against the defendants, adjudging them to be jointly and severally liable to plaintiff in an aggregate sum in excess of the total individual amounts stated herein, plus taxable costs, interest from the date of filing of the complaint, and a reasonable amount in attorney's fees.

In San Juan, Puerto Rico, this 29th day of February, 2020.

/s/ Benjamin Acosta, Jr.
BENJAMIN ACOSTA, JR.
Bar No. 119068
benacosta@lobajr.com

/s/ David Fernández-Esteves
DAVID FERNANDEZ-ESTEVES
Bar No. 218404
davidfernandez@lobajr.com

LAW OFFICES BENJAMIN ACOSTA, JR.
Attorneys for Plaintiff
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel  787-722-2363
Fax 787-724-5970